United States District Court
Southern District of Texas
**ENTERED**
September 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff | § | |
| | § | CRIMINAL ACTION |
| VS. | § | NO. 2:14-CR-00653-001 |
| | § | |
| RODOLFO CASARES, | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Rodolfo Casares's motion for compassionate release. D.E. 138. The Government filed a response. D.E. 140.

**I. BACKGROUND**

On January 22, 2015, a jury found Defendant guilty of (1) conspiracy to possess with intent to distribute more than one kilogram of a mixture including heroin, 500 grams of a mixture including methamphetamine, and five kilograms of a mixture including cocaine; (2) possession with intent to distribute methamphetamine; and (3) possession with intent to distribute cocaine. D.E. 1, 58. On June 12, 2015, the Court sentenced Defendant to a total term of incarceration of 300 months. D.E. 76, p. 3. He has served approximately half of that sentence and has a projected release date, after application of good time credit, of October 20, 2034.

Defendant now moves the Court for compassionate release so that he can attend to his mother's medical needs. His administrative request for compassionate release was denied by the warden on May 18, 2026. D.E. 138-1.

**II. LEGAL STANDARD**

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances. The provision at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "[T]his statutory phrase requires a prisoner to show he 'faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner' that leads 'irresistibly' to the conclusion that this prisoner has a 'singular' and 'remarkable' need for early release." *United States v. McMaryion*, 64 F.4th 257, 259 (5th Cir. 2023) (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).

If the district court finds that extraordinary and compelling reasons warrant a sentence reduction, "then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide

just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

## III. ANALYSIS

### A. Extraordinary and Compelling Reasons

Defendant moves the Court for compassionate release because his "elderly mother, . . . is approaching 70 years old and now requires daily assistance to safely function." D.E. 138, p. 2. While the Sentencing Guidelines do not address the incapacitation of a parent, they do provide that extraordinary and compelling reasons may exist under 18 U.S.C. § 3582(c)(1) based on "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(b)(3)(B). The Court considers this provision as analogous and therefore evaluates the evidence of Defendant's mother's condition under the "incapacitation" criteria for spouses.

Here, Defendant concedes that his mother's condition does not qualify as "incapacitated" under the Sentencing Guidelines. D.E. 138, p. 2. The Sentencing Guidelines policy defines "incapacitated" as:

- Suffered a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse or registered partner is completely disabled, meaning that the spouse or registered partner cannot carry on any self-care and is totally confined to a bed or chair; or

- A severe cognitive deficit (e.g., Alzheimer's disease or traumatic brain injury that has severely affected the spouse's or registered partner's mental capacity or function), but may not be confined to a bed or chair.

Policy Statement 5050.50, ¶ 6, p. 10. Defendant does not assert that his mother is totally confined to a bed or chair or has any cognitive deficit. Instead, he argues that she is suffering age-related decline, has mobility issues, requires assistance with self-care, is a fall risk, and needs supervision. D.E. 138, pp. 2-3. He states that he is the only available caregiver because his father and brother are deceased and they do not have the resources to hire the necessary professionals.

Defendant's only evidence of his mother's condition is her letter (D.E. 138-2), which states that she needs surgery on both knees and has difficulty performing daily activities. There is no other medical documentation of this alleged need or its extent. Nor is there a clear account of the degree of care she requires now or if and when she gets the contemplated surgery. And even if financial support were a proper consideration in the context of compassionate release, there is no evidence of how Defendant can both care for his mother's alleged full-time needs and work so as to provide the financial support he contends is necessary. While Defendant states that his mother would live with him and his fiancé, his fiancé's letter (D.E. 138-1) does not corroborate this. And it says nothing about whether she can or will assist to meet his mother's alleged needs or whether she, too, would be employed out of the house.

Defendant also argues that, if his mother's circumstances do not meet the criteria set forth in U.S.S.G. § 1B1.13(b)(3)(B) regarding a loved-one's incapacitation, the same issues and evidence should be sufficient to show "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5); D.E. 138, pp. 3-4. Defendant supplies no authority for considering circumstances that do not rise to the level of a family member's incapacitation as "similar in gravity" to such incapacitation.

Consequently, Defendant has failed to satisfy his burden to show that extraordinary and compelling reasons warrant compassionate release under U.S.S.G. § 1B1.13(b).

**B. 18 U.S.C. § 3553(a) Factors**

Defendant asserts that he is a first-time offender with no prior criminal history. And he claims a low risk of recidivism, with his offense being an isolated incident rather than a pattern of criminal behavior. D.E. 138, p. 4. He also represents himself as a model prisoner who has turned his life around. *Id*., pp. 4-5. The record does not bear this out.

**Criminal History**. The offense of conviction involved a pattern of drug trafficking over an extended period of time in which Defendant was a drug importer, handling controlled substances of substantial quantity, with persons he employed to store and transport those drugs and the income they generated. Presentence Report, D.E. 67, ¶¶ 3–13. Defendant's prior criminal history includes multiple arrests for theft and aggravated robbery and prior convictions for felony possession of cocaine (Tamaulipas, Mexico) and

assault with bodily injury (Cameron County, Texas). *Id.*, ¶¶ 33–42. He further took no action to accept responsibility for his criminal conduct. *Id.*, ¶ 17.

**Rehabilitation**. Defendant has offered evidence of a number of educational programs completed and certifications obtained as demonstrating his good conduct or rehabilitative efforts while in prison, claiming "exceptional post-sentencing rehabilitation." D.E. 138-1, pp. 6-7. The letter from his fiancé echoes the sentiment that Defendant has turned his life around in prison. D.E. 138-1, pp. 4-5.

However, his claim to exceptional conduct failed to disclose his disciplinary conviction for "possession, manufacture, introduction, or loss of a hazardous tool," namely, possession of a contraband cell phone in the facility. D.E. 140, p. 9; 18 U.S.C. § 4042(a)(3); 28 C.F.R. § 541.3, Table 1, Item 108. This is classified as a "greatest severity level" threat to the facility. *Id*. Defendant's disciplinary violation and lack of candor undermine his claim to an exceptional rehabilitation.

**Purposes of Length of Sentence**. Based on the nature and circumstances of the offense of conviction and the danger posed to the community, the Court finds that releasing Defendant when he has served roughly half of his sentence would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from his further crimes.

## IV. CONCLUSION

The Court finds that extraordinary and compelling reasons do not warrant compassionate release and that release would be inconsistent with 18 U.S.C. § 3553(a). Defendant's motion for compassionate release (D.E. 138) is therefore **DENIED**.

**ORDERED** on September 10, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE